IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>HOSPITAL PARTNERS OF AMERICA, INC., a Delaware corporation,<br>      Debtor. | Chapter 11<br><br>Case No. 08-12180 (___)<br><br>(Joint Administration Requested) |
| In re:<br>SJ MEDICAL CENTER MANAGEMENT, LLC, a Texas limited liability company,<br>      Debtor. | Chapter 11<br><br>Case No. 08-12181 (___)<br><br>(Joint Administration Requested) |
| In re:<br>SURGICAL HOSPITAL OF AUSTIN MANAGEMENT, INC., a Delaware corporation,<br>      Debtor. | Chapter 11<br><br>Case No. 08-12182 (___)<br><br>(Joint Administration Requested) |
| In re:<br>AUSTIN SURGICAL HOSPITAL HOLDINGS, INC., a Delaware corporation,<br>      Debtor. | Chapter 11<br><br>Case No. 08-12183 (___)<br><br>(Joint Administration Requested) |
| In re:<br>TRINITY MC MANAGEMENT, LLC a Texas limited liability company,<br>      Debtor. | Chapter 11<br><br>Case No. 08-12184 (___)<br><br>(Joint Administration Requested) |

**MOTION OF DEBTORS FOR AN ORDER DIRECTING**
**<u>JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES</u>**

Hospital Partners of America, Inc. ("HPA") and its chapter 11 affiliates, debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby move the Court (the "Motion") for the entry of an order, substantially in the form submitted herewith, directing the joint administration of the Debtors' related chapter 11 cases for procedural purposes only, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rule 1015-1 of the Delaware Bankruptcy Court Local Rules (the "Local Rules"). In support of this Motion, the Debtors respectfully represent and show as follows:

## Status of Case and Jurisdiction

1.  On September 24, 2008 (the "Petition Date"), the Debtors commenced these cases by each filing a voluntary petition for relief under title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

2.  The Debtors have continued in the possession of their property and are operating and managing their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.  No request for a trustee or examiner has been made and no creditors' committee has been appointed in these cases.

4.  This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

5.  Venue of these proceedings and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

68700-001\DOCS_DE:140784.1

6. The basis for the relief requested herein is Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

## Background

7. The detailed factual background relating to the Debtors and the commencement of these chapter 11 cases is set forth in the *Declaration of W. Christopher Shea in Support of First Day Motions*.

8. The Debtors directly and indirectly hold majority equity positions in, and provide certain management services to, four hospitals located in California and Texas (the "Operating Hospitals"). The minority equity interests in the Operating Hospitals are held directly or indirectly by physician investors. HPA and the other Debtors are guarantors of virtually all of the major funded debt of the Operating Hospitals.

9. None of the Operating Hospitals is a debtor in these cases. However, HPA is the corporate parent of River Oaks Holdings, Inc. ("River Oaks Holdings"), holder of a substantial equity position in River Oaks Medical Center, L.P. ("River Oaks Partnership"). Both River Oaks Holdings and River Oaks Partnership are debtors in possession in cases pending before this Court.

10. HPA currently employs 18 individuals, all but one of whom work at the Debtors' headquarters in Charlotte, North Carolina. (The other Debtors have no employees.) Pursuant to a series of management agreements, HPA's employees provide management and support services to the personnel of the non-Debtor Operating Hospitals, including services relating to human resources, financial, legal, regulatory and information technology matters.

3

68700-001\DOCS_DE:140784.1

HPA personnel also provide management services to a fifth hospital in which HPA has no direct or indirect ownership interest.

11. The non-Debtor Operating Hospitals employ approximately 3,800 individuals who provide medical services and related support services to patients at those hospitals. HPA employees do not provide any patient services or conduct the day-to-day operations of any medical facility.

12. As a result of substantial losses at the River Oaks Medical Center and several of the Operating Hospitals, and as a result of the Debtors' direct and indirect funding of those losses over time, the Debtors have been experiencing their own liquidity issues.

13. Prior to the Petition Date, the Debtors began an effort to address their financial difficulties and those of the Operating Hospitals by initiating a marketing process, with the objective of either selling their interests in the Operating Hospitals or arranging the sale of the Operating Hospitals themselves. Unfortunately, the Debtors were not able to facilitate any of these potential transactions before the cash available to fund their own operations reached a critically low level.

14. The Debtors have filed voluntary petitions for relief under chapter 11 for the purpose of preserving and maximizing the value of the property of the estates (including the Debtors' interests in the Operating Hospitals), allowing the marketing and sale efforts that are underway to continue, facilitating a smooth transition to new ownership and management, and minimizing the claims against the Debtors' estates (most of which comprise guarantees of liabilities as to which an Operating Hospital is the primary obligor).

15.     HPA's largest equity holder, New Enterprise Associates 10, Limited Partnership ("NEA") has agreed to provide the Debtors with certain debtor in possession financing in order to achieve these objectives in chapter 11.

### Relief Requested

16.     By this Motion the Debtors request an order directing that all of the above-captioned chapter 11 cases be jointly administered for procedural purposes only, under a single case number and caption, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

17.     The Debtors also request that the caption of their chapter 11 cases be modified to a caption substantially similar to the following, to reflect the joint administration of these chapter 11 cases:

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>HOSPITAL PARTNERS OF AMERICA, INC. et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-12180 ( )<br><br>(Jointly Administered) |

---

[1]  The Debtors comprise the following entities: Hospital Partners of America, Inc., a Delaware corporation (Fed. EIN 56-2301189), SJ Medical Center Management, LLC, a Texas limited liability company (Fed. EIN 20-4835598), Surgical Hospital of Austin Management, Inc., a Delaware corporation (Fed. EIN 01-0719812), Austin Surgical Hospital Holdings, Inc., a Delaware corporation (Fed. EIN 01-0719774), and Trinity MC Management, LLC, a Texas limited liability company (Fed. EIN 20-8889391). The address for the Debtors is 2815 Coliseum Centre Drive, Suite 150, Charlotte, North Carolina 28217.

5

68700-001\DOCS_DE:140784.1

18.     In addition, the Debtors request that the Court authorize and direct that a notation substantially similar to the following notation be entered on the docket for each of the Debtors to reflect the joint administration of these cases:

> An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the chapter 11 cases listed below. The docket in case no. 08-12180 should be consulted for all matters affecting this case. The following chapter 11 cases are jointly administered pursuant to the Joint Administration Order: Hospital Partners of America, Inc., Case No. 08-12180; SJ Medical Center Management, LLC, Case No. 08-12181; Surgical Hospital of Austin Management, Inc., Case No. Case No. 08-12182; Austin Surgical Hospital Holdings, Inc., Case Case No. 08-12183; Trinity MC Management, LLC, Case No. 08-12184.
>
> Finally, the Debtors request that the Court authorize that a combined service list be used for the jointly administered cases and that combined notices be sent to creditors and other parties in interest.

19.     Nothing contained in this Motion is intended to request or compel substantive consolidation of the Debtors' estates. Each of the Debtors will separately file its own Schedule of Assets and Liabilities and Statement of Financial Affairs, and separate claims registers for each of the Debtors will be maintained.

### Basis for Relief

**A.     Joint Administration of these Cases Will Yield Substantial Administrative Benefits.**

20.     Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order joint administration of the estates of the debtor and its affiliates. Fed. R. Bankr. P. 1015(b).

21.     Additionally, Local Rule 1015-1 provides that "[a]n order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit,

declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties." Local Rule 1015-1.

22. For the reasons set forth herein and in the Shea Declaration, joint administration of these cases is warranted. First, HPA directly owns 100% of the equity interests of each of SJ Medical Center Management, LLC, Austin Surgical Hospital of Austin Management, Inc., Austin Surgical Hospital Holdings, Inc., and Trinity MC Management LLC. As such, each of the other Debtors are affiliates of HPA as that term is defined in Bankruptcy Code section 101(2) and as used in Bankruptcy Rule 1015(b).

23. Second, the Debtors anticipate that numerous notices, pleadings, hearings and orders in these cases will affect all of the Debtors. With five (5) affiliated debtors, each with its own case docket, administering these cases separately would result in duplicative pleadings, notices and orders filed and served upon separate service lists. This unnecessary duplication would be costly and would not create any counterbalancing benefit for creditors. Separate administration would also tax the estates' administration, diverting valuable resources away from substantive issues such as the continued operation of the Debtors' business and the sale of the Debtors' business. In contrast, joint administration will permit the clerk of court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates, eliminating the confusion and waste that would be caused by separate administration.

24. Finally, maintaining separate cases may confuse creditors. By jointly administering the estates, creditors and other parties in interest will receive notice of all matters
7

involving all of the entities, thereby ensuring that creditors are fully informed of all matters potentially affecting their claims. Further, the simplified caption set forth above will eliminate cumbersome pleadings and ensure a uniformity of pleading identification.

**B.     Joint Administration Will Not Prejudice Creditors or Other Parties in Interest.**

25.    The relief requested herein is purely procedural; the Debtors do not seek substantive consolidation of their estates.

26.    Joint administration and substantive consolidation differ significantly. In substantive consolidation, assets and liabilities are pooled, and generally, the separate entities' creditors share pro rata in the estates' aggregate net value. *See In re Standard Brands Paint Co.*, 154 B.R. 563, 569 (Bankr. C.D. Cal. 1993); *In re I.R.C.C., Inc.*, 105 B.R. 237, 241 (Bankr. S.D.N.Y. 1989). Joint administration, however, is merely procedural; it has no impact on creditors' substantive rights. *See, e.g., In re Toland*, 346 B.R. 444, 449 (Bankr. N.D. Ohio 2006); *In re Blair*, 226 B.R. 502, 505 (Bankr. D. Me. 1993); *N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986). Thus, there will be no material prejudice to creditors or other parties in interest if these estates are jointly administered. Indeed, the interests of all creditors will be served by the reduction in costs and administrative burdens resulting from joint administration.

## Notice

27.    Notice of this Motion has been given at least twenty-four (24) hours in advance of the hearing to the following parties or to their counsel, if known: (i) the Office of the United States Trustee, (ii) the Debtors' prepetition secured lenders, (iii) the Debtors' postpetition secured lenders, and (iv) creditors holding the twenty (20) largest unsecured claims against each

of the Debtors as set forth in the lists filed with the Debtors' petitions. As the Motion is seeking "first day" relief, within two business days of the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered respecting the Motion as required by Del. Bankr. L.R. 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

28.     No prior request for the relief sought in this Motion has been made to this Court or any other Court.

**WHEREFORE,** the Debtors respectfully request that the Court enter an order, substantially in the form of the proposed order filed herewith, granting the relief requested in this Motion, and such other and further relief as is just and proper.

Dated: September 24, 2008

KLEE, TUCHIN, BOGDANOFF & STERN LLP
Lee R. Bogdanoff (CA Bar No. 119542)
Michael L. Tuchin (CA Bar No. 150375)
Martin R. Barash (CA Bar No. 162314)
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067-6049
Telephone: (310) 407-4000
Facsimile:  (310) 407-9090
Email: lbogdanoff@ktbslaw.com
           mtuchin@ktbslaw.com
           mbarash@ktbslaw.com

and

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones (Bar No. 2436)
Michael R. Seidl (Bar No. 3889)
Curtis A. Hehn (Bar No. 4264)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
E-mail: ljones@pszjlaw.com
           mseidl@pszjlaw.com
           chehn@pszjlaw.com

[Proposed] Counsel for the Debtors and Debtors In Possession