# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HOSPITAL PARTNERS OF AMERICA, INC., et al.,[1]<br><br>Debtors. | Chapter 7 (Converted From Chapter 11)<br><br>Case No. 08-12180 (BLS)<br><br>(Jointly Administered) |

Objection Deadline: April 20, 2009, at 4:00 p.m. (ET)
Omnibus Hearing: May 18, 2009, at 10:30 a.m. (ET)

## SUPPLEMENTAL FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF KLEE, TUCHIN, BOGDANOFF & STERN LLP, AS BANKRUPTCY COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION

| | |
|---|---|
| Name of Applicant: | Klee, Tuchin, Bogdanoff & Stern LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Effective September 24, 2008 by Order Entered November 11, 2008 |
| Period for which Compensation and Reimbursement is Sought: | December 24, 2008 through February 4, 2009 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $11,745.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $670.80 |

This is a: ___ monthly       ___ interim       _x_ final application

---

[1] The Debtors comprise the following entities: Hospital Partners of America, Inc., a Delaware corporation (Fed. EIN 56-2301189), SJ Medical Center Management, LLC, a Texas limited liability company (Fed. EIN 20-4835598), Surgical Hospital of Austin Management, Inc., a Delaware corporation (Fed. EIN 01-0719812), Austin Surgical Hospital Holdings, Inc., a Delaware corporation (Fed. EIN 01-0719774), and Trinity MC Management, LLC, a Texas limited liability company (Fed. EIN 20-8889391).

112358.1

# KTB&S PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Lee R. Bogdanoff | Partner 1999; Member of CA Bar since 1985 | $850.00<br>$0.00 | 0.0<br>1.1 | $0.00 |
| Martin R. Barash | Partner 1999; Member of CA Bar since 1992 | $675.00<br>$0.00 | 13.0<br>2.5 | $8,775.00 |
| Matthew C. Heyn | Associate 2005; Member of CA Bar since 2003 | $495.00<br>$0.00 | 6.0<br>6.9 | $2,970.00 |
| Shanda D. Pearson | Paralegal | $195.00<br>0.00 | 0.0<br>0.3 | $0.00 |
| Total | | | | $11,745.00 |

| | |
|---|---|
| Grand Total: | $11,745.00 |
| Total Hours Charged[2]: | 19.0 |
| Blended Rate: | $603.90 |
| Hours Written Off: | 10.8 |
| Fee Amount Written Off: | $6,107.00 |

---

[2] This total excludes hours billed at $0.00 (i.e., written off) in the billing discretion of KTB&S.

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| 010 – Case Administration | | |
| 020 – Meetings and Communications | | |
| 030 – General Business Operations | | |
| 040 – Fee/Employment Applications | | |
| 050 – Fee/Employment Objections | 19.00 | $11,745.00 |
| 060 – Financing | | |
| 070 – Claims Administration & Objections | | |
| 090 – Asset Disposition | | |
| 110 – Employee Benefits/Plans | | |
| 120 – Litigation | | |
| 190 – Matters Involving Executory Contracts | | |
| **Total** | **19.00** | **$11,745.00** |

## EXPENSE SUMMARY

| Expense Category | Total Expenses |
|---|---|
| Court Fees | 109.06 |
| Duplicating | 115.60 |
| Messenger and Overnight Mail | 63.41 |
| Online Research | 43.66 |
| Telephonic Conference Call | 338.65 |
| Postage | 0.42 |
| **Total** | **$ 670.80** |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 (Converted From Chapter 11) |
| HOSPITAL PARTNERS OF AMERICA, INC., et al.,[1] | Case No. 08-12180 (BLS) |
| Debtors. | (Jointly Administered) |

Objection Deadline: April 20, 2009, at 4:00 p.m. (ET)
Omnibus Hearing: May 18, 2009, at 10:30 a.m. (ET)

## SUPPLEMENTAL FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF KLEE, TUCHIN, BOGDANOFF & STERN LLP, AS BANKRUPTCY COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION

Pursuant to section 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the Court's "Order, Pursuant to Bankruptcy Code Sections 105 and 331, Establishing Procedures For Interim Compensation And Reimbursement Of Expenses of Professionals," entered on November 7, 2008 (the "Fee Procedures Order"), Klee, Tuchin, Bogdanoff & Stern LLP ("KTB&S" or the "Firm"), formerly bankruptcy counsel to the debtors and debtors in possession herein ("Debtors"), hereby submits this "Supplemental Final Application for Compensation and for Reimbursement of Expenses of Klee, Tuchin, Bogdanoff & Stern LLP, As Bankruptcy Counsel To Debtors and Debtors In Possession" (the "Supplemental Application").

By this Supplemental Application, KTB&S seeks final allowance and payment from its remaining retainer (which is on deposit in a client trust account) certain fees incurred in defending its final compensation in these cases from a request for disgorgement made by and/or on behalf of the professionals formerly employed by the Official Committee of Unsecured

---

[1] The Debtors comprise the following entities: Hospital Partners of America, Inc., a Delaware corporation (Fed. EIN 56-2301189), SJ Medical Center Management, LLC, a Texas limited liability company (Fed. EIN 20-4835598), Surgical Hospital of Austin Management, Inc., a Delaware corporation (Fed. EIN 01-0719812), Austin Surgical Hospital Holdings, Inc., a Delaware corporation (Fed. EIN 01-0719774), and Trinity MC Management, LLC, a Texas limited liability company (Fed. EIN 20-8889391). The address for the Debtors is 2815 Coliseum Centre Drive, Suite 150, Charlotte, North Carolina 28217.

112358.1

Creditors ("Committee" and "Committee Professionals"), in connection with the applications by the Committee Professionals for final compensation and reimbursement of expenses in these cases. Specifically, KTB&S seeks final allowance of a supplemental amount of $11,745.00 in fees incurred in connection with such efforts, and $670.80 in miscellaneous expenses incurred prior to or during the period covered by this Supplemental Application. In the exercise of its billing discretion, KTB&S has written off 10.8 hours with respect to this matter, representing $6,107.00.

## I.

## BACKGROUND

1. On September 24, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors thereafter operated and managed their business, and maintained possession of their assets, as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On October 7, 2008, the United States Trustee appointed a creditors' committee in these cases. See Docket No. 76. No request for a trustee or examiner was made.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. The retention of KTB&S, as bankruptcy counsel to the Debtors, was approved effective as of the Petition Date by this Court's "Order Granting Application Of Debtors Pursuant To Section 327(a) Of The Bankruptcy Code, Federal Rule Of Bankruptcy Procedure 2014 And Local Rule 2014-1 To Retain Klee, Tuchin, Bogdanoff & Stern LLP As Bankruptcy Counsel *Nunc Pro Tunc* To The Petition Date," entered on November 7, 2008 (the "Retention Order").

5. The Retention Order authorized KTB&S to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

6. On November 21, 2008, these cases were converted to cases under chapter 7 of the Bankruptcy Code, and Alfred Giuliani was appointed chapter 7 trustee.

7. Upon the final application of KTB&S ("Final Fee Application") [Docket No. 259], the Court entered on January 21, 2008 its final order approving the fees and expenses of KTB&S during these cases ("Final Order") [Docket No. 303]. Pursuant to the Final Order, the Court allowed KTB&S on a final basis $492,188.50 in compensation and $22,031.57 in expense reimbursement. The Final Order specifically contemplated that KTB&S might file one or more supplemental applications.

8. On December 22, 2008, White and Case LLP ("White and Case") filed its final fee application in these cases as counsel to the Committee ("White and Case Application") [Docket No. 257]. Among other things, the White and Case Application requested that certain amounts by which the Committee Professionals exceeded the DIP budget in these cases be funded either (i) from the unused retainer amounts held by the Debtors' counsel or (ii) by disgorgement and "reallocation" of sums already paid to the Debtors professionals and/or retainers held by the Debtors' professionals and necessary to pay such professionals for their allowed fees and expenses.

9. These requests were opposed (i) jointly by KTB&S and Pachulski, Stang, Ziehl and Jones LLP ("PSZJ"), as to the request for disgorgement [Docket No. 285], and (ii) by the DIP lender in these cases, New Enterprise Associates 10, Limited Partnership ("NEA"), with respect to the request for use of excess retainer funds [Docket No. 284]. Following a hearing held on February 4, 2009, the Court entered its order approving the final fee applications of the Committee Professionals but denying the requests of White and Case for payment from the excess retainer amounts, or by way of disgorgement and "reallocation" of amounts paid to the Debtors' professionals on account of allowed fees and expenses ("Committee Fee Order") [Docket No. 322].

10. As a result of the efforts of White and Case to seek disgorgement and "reallocation" of the sums remitted to KTB&S as a retainer for services rendered to estates during the chapter 11 phase of these cases, as allowed by the Final Order, KTB&S was required to incur additional fees and expenses following the filing of its Final Fee Application and

following the entry of the Final Order. This Supplemental Application requests a supplemental final award with respect to such fees and expenses, less approximately $6,107 in fees that have been written off by KTB&S in the exercise of its billing discretion.

11. On February 20, 2009, White and Case and the other Committee Professionals filed a notice of appeal from the Committee Fee Order [Docket No. 333], and on March 2, 2009 filed their Designation of Record and Statement of Issues on Appeal [Docket No. 343]. The notice of appeal was subsequently withdrawn and the Committee Fee Order.

## II.

## COMPENSATION PAID AND ITS SOURCE

12. All services for which KTB&S requests compensation were performed for or on behalf of the Debtors and their estates.

13. KTB&S received no payment and no promises for payment from any source other than from the Debtors (including funds remitted prepetition to serve as a retainer, and funds drawn by the Debtors on their postpetition credit facility to serve as a postpetition retainer), and pursuant to a carve-out by the Debtors' lenders under the Debtors' postpetition credit facility (which has since terminated).

14. There is no agreement or understanding between KTB&S and any other person other than among the partners of KTB&S for the sharing of compensation to be received for services rendered in these cases.

15. Following remittance of the unpaid fees and expenses that were allowed in favor of KTB&S under the Final Order, and the accrual of additional interest (as of January 31, 2009), the balance of the retainer held by KTB&S in its trust account for the Debtors was $421,107.50 (the "Remaining Retainer").

16. Pursuant to the joint request of the Trustee for the Debtors' estates, Alfred Giuliano ("Trustee"), and NEA, KTB&S has remitted to the Trustee the entirety of the Remaining Retainer, less the amounts requested in this Supplemental Application (which remain

on deposit in a trust account pending the disposition of this Application. It is KTB&S' understanding that the Trustee will remit those funds to NEA. (In the event any additional interest is posted to KTB&S' trust account for the Debtors following the final disposition of this Application, KTB&S intends to remit such amount to the Trustee also).

## III.

### SUMMARY OF SERVICES

17. To the best of KTB&S's knowledge, this Supplemental Application complies with section 330 of the Bankruptcy Code, the Bankruptcy Rules and the Orders of this Court.

18. As noted above, the services for which compensation is requested under this Supplemental Application pertain to the opposition of efforts by White and Case, on behalf of itself and other Committee Professionals, to obtain disgorgement and "reallocation" of amounts paid to KTB&S on account of, and/or portions of KTB&S' retainer that were necessary to satisfy its allowed fees and expenses in these cases.

19. KTB&S's detailed billing entries are set forth on Exhibit A to this Supplemental Application. The names of the professionals who rendered these services also are set forth on Exhibit A.

## IV.

### VALUATION OF SERVICES

20. Attorneys and paraprofessionals of KTB&S expended a total of 29.8 hours in connection the matters described above. Hours billed at $0.00 represent time that has been written off in the exercise of KTB&S' billing discretion:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Lee R. Bogdanoff | Partner 1999; Member of CA Bar since 1985 | $850.00 $0.00 | 0.0 1.1 | $0.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Martin R. Barash | Partner 1999; Member of CA Bar since 1992 | $675.00<br>$0.00 | 13.0<br>2.5 | $8,775.00 |
| Matthew C. Heyn | Associate 2005; Member of CA Bar since 2003 | $495.00<br>$0.00 | 6.0<br>6.9 | $2,970.00 |
| Shanda D. Pearson | Paralegal | $195.00<br>0.00 | 0.0<br>0.3 | $0.00 |
| Total | | | | $11,745.00 |

Grand Total: $11,745.00

Total Hours Charged[2]: 19.0

Blended Rate: $603.90

Hours Written Off: 10.8

Fee Amount Written Off: $6,107.00

21. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the fees requested by KTB&S are fair and reasonable given (a) the complexity of the case and the matters presented, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, KTB&S has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with such Rule, as well as the Orders of the Court in these cases.

---

[2] This total excludes hours billed at $0.00 (i.e., written off) in the billing discretion of KTB&S.

# VI.

## ACTUAL AND NECESSARY EXPENSES

22. KTB&S is seeking a supplemental final reimbursement award of $670.80 in costs and expenses that it incurred in connection with the matters described above, as well as miscellaneous costs incurred previously and not included in the Final Fee Application.

23. The following chart summarizes the expenses incurred by KTB&S for which final allowance is requested:

| Expense Category | Total Expenses |
| --- | --- |
| Court Fees | 109.06 |
| Duplicating | 115.60 |
| Messenger and Overnight Mail | 63.41 |
| Online Research | 43.66 |
| Telephonic Conference Call | 338.65 |
| Postage | 0.42 |
| **Total** | **$ 670.80** |

24. The following is a description of the miscellaneous expenses for which reimbursement is sought hereunder:

### A. Court Fees.

25. This category includes PACER charges and conference call charges in connection with telephonic hearings.

### B. Duplicating

26. Photocopying is being billed in these cases at the cost of $0.10 per page, in accordance with the Local Rules of this Court.

### C. Messenger and Overnight Mail Charges.

27. These charges are billed at their actual cost, without markup.

### C. Online Research.

28. In the course of providing legal services in connection with these cases, it

sometimes was necessary and cost efficient for KTB&S to conduct legal research through computer research services such as LEXIS/NEXIS. KTB&S bills the actual cost of using these services directly to its clients without any surcharge.

D. **Telephonic Conference Call Charges.**

29. KTB&S only seeks reimbursement for actual charges for long distance telephone calls and conference calls.

E. **Postage.**

30. KTB&S only seeks reimbursement for actual postage costs.

\* \* \*

WHEREFORE, KTB&S respectfully requests: (i) final allowance of supplemental compensation in the amount of $11,745.00 for fees and actual and necessary expenses in the amount of $670.80, and (ii) payment of the foregoing sums from the Remaining Retainer.

Dated: March 27, 2009

KLEE, TUCHIN, BOGDANOFF & STERN LLP
Lee R. Bogdanoff (CA Bar No. 119542)
Michael L. Tuchin (CA Bar No. 150375)
Martin R. Barash (CA Bar No. 162314)
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067-6049
Telephone (310) 407-4000
Facsimile (310) 407-9090
Email: lbogdanoff@ktbslaw.com
mtuchin@ktbslaw.com
mbarash@ktbslaw.com

Former Counsel for the Debtors and Debtors In Possession

# VERIFICATION

STATE OF CALIFORNIA      :
                         :
COUNTY OF LOS ANGELES    :

I, Martin R. Barash, after being duly sworn according to law, deposes and says:

a) I am a partner of the applicant law firm Klee, Tuchin, Bogdanoff & Stern LLP, and have been admitted to appear before this Court.

b) I am familiar with the legal services rendered by Klee, Tuchin, Bogdanoff & Stern LLP as counsel to the Debtors and am thoroughly familiar with the other work performed on behalf of the Debtors by professionals at KTB&S.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed the Local Bankruptcy Rules for the District of Delaware, and submit that the Application substantially complies with such rules.

_____
Martin R. Barash

SWORN AND SUBSCRIBED
before me this 27th day of March, 2009.

_____
Notary Public
My Commission Expires: Nov. 14, 2009

APRYL C. BOND
Commission # 1621888
Notary Public — California
Los Angeles County
My Comm. Expires Nov 14, 2009