# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>HOSPITAL PARTNERS OF AMERICA, INC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 08-12180 (BLS)<br><br>(Jointly Administered)<br><br>**Related D.I. 696, 706, 707, 748** |

## ORDER UNDER BANKRUPTCY CODE SECTIONS 105, 363 AND RULES 2002, 6004 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING THE SALE OF SJ MEDICAL CENTER MANAGEMENT, LLC'S INTEREST IN SJ MEDICAL CENTER, LLC TO IASIS HEALTHCARE LLC UNDER THE PURCHASE AGREEMENT <u>FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS</u>

Upon the motion (the "<u>Sale Motion</u>"), dated March 18, 2011 of Alfred T. Giuliano (the "<u>Trustee</u>"), Chapter 7 Trustee for the Debtors' estates, in the above-captioned chapter 7 cases (the "<u>Cases</u>"), under Sections 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as hereafter amended, the "<u>Bankruptcy Code</u>"), Rule 6004 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("the <u>Local Rules</u>") and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") for approval of the proposed sale[2] (the "<u>Sale</u>") of all of SJ Medical Center Management, LLC ("<u>SJMCM</u>")'s right, title and interest in and to a (i) 78.2% membership interest in SJ Medical Center, LLC (the "<u>Company</u>") (the

---

[1] The Debtors comprise the following entities: Hospital Partners of America, Inc., a Delaware corporation (Fed. EIN 56-2301189), SJ Medical Center Management, LLC, a Texas limited liability company (Fed. EIN 20-4835598), Surgical Hospital of Austin Management, Inc., a Delaware corporation (Fed. EIN 01-0719812), Austin Surgical Hospital Holdings, Inc., a Delaware corporation (Fed. EIN 01-0719774), and Trinity MC Management, LLC, a Texas limited liability company (Fed. EIN 20-8889391). The address for the Debtors is 2815 Coliseum Centre Drive, Suite 150, Charlotte, North Carolina 28217.

[2] Any capitalized terms not defined herein shall have the meanings ascribed to them in the Purchase Agreement and Bidding Procedures.

"Company Interest") to IASIS Healthcare LLC (the "Purchaser"), under the terms of the Purchase Agreement, dated as of March 18, 2011 (as amended, supplemented or otherwise modified, the "Purchase Agreement") attached hereto as Exhibit A (without schedules), between the Trustee and the Purchaser, free and clear of all Encumbrances (other than the Permitted Encumbrances), (ii) scheduling a hearing (the "Sale Hearing") to approve such Sale and approving the form and manner of notice thereof, and (iii) approval of the bidding procedures (the "Bidding Procedures"), including the Break-up Fee and Expense Reimbursement payable to the Purchaser under the circumstances set forth in the Purchase Agreement; and upon the Order of this Court dated March 24, 2011 (the "Bidding Procedures Order") approving the Bidding Procedures in connection with the Sale, as well as the Notice of Bid Deadlines, Auction and Sale Hearing (as defined in the Bidding Procedures Order); and a hearing having been held on April 20, 2011 in connection with the Sale Motion (the "Sale Hearing"); and all parties in interest having been heard, or having had the opportunity to be heard, regarding the Sale, the other relief requested in the Sale Motion and any objections thereto; and the Court having considered (x) the Sale Motion, (y) objections to the Sale Motion, if any, and (z) the arguments made and evidence proffered or adduced in support of the Sale Motion at the Sale Hearing; and it appearing from the affidavits of service filed with the Court that due and appropriate notice of the Sale Motion, and the other relief sought by the Sale Motion, has been provided to all parties affected thereby; and it appearing that no other or further notice hereof or thereof is required; and upon the record of the Procedures Hearing (as defined in the Bidding Procedures Order), the Sale Hearing and these Cases; and it appearing that entry of this Order is in the best interests of the Debtors' estates; and after due deliberation and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[3]

A. This Court has jurisdiction over the Cases, over the Sale Motion as a core proceeding and over the parties and property affected hereby under 28 U.S.C. §§ 157(b) and 1334. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

B. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), the parties may consummate the Sale immediately upon entry of this Order. To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order.

C. In accordance with the provisions of the Bidding Procedures Order, and as evidenced by the affidavits of service and the affidavits of publication, the Trustee has (i) served the Notice of Bid Deadline, Auction, and Sale Hearing upon the parties listed in paragraph 2 of the Bidding Procedures Order, and (ii) published the Notice of Bid Deadline, Auction, and Sale Hearing in the *The Wall Street Journal* (National Edition) on March 30, 2011. The notice given by the Trustee of the Sale Motion, the Sale Hearing, and the Sale, constitutes appropriate notice under the circumstances and complies with section 363 of the Bankruptcy Code, Bankruptcy Rule 2002, 6004 and 6006 and the Bidding Procedures Order. No other or further notice of the Sale Motion, the Sale Hearing, the Auction, or the Sale is required by applicable law.

D. The Purchaser is not an "insider" of the Debtors as that term is defined in section 101(31) of the Bankruptcy Code. The Purchaser negotiated the terms and conditions of

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

the Sale in good faith and at arm's length. The Purchaser has acted in good faith in all respects in connection with these Cases and the Sale in that (i) the Purchaser recognized that the Trustee was free to negotiate with any other party that expressed interest in consummating a Sale, (ii) it agreed to subject the bid contemplated by the Purchase Agreement to the competitive bidding and auction procedures approved by the Bidding Procedures Order, (iii) all payments to be made by the Purchaser and other agreements or arrangements entered into by the Purchaser with the Trustee in connection with the Sale have been disclosed and (iv) the negotiation and execution of the Purchase Agreement and all other aspects of the Sale were conducted in good faith. The Purchaser is a "good faith" purchaser within the meaning of section 363(m) of the Bankruptcy Code and is, therefore, entitled to the protections afforded thereby. Neither the Trustee nor the Purchaser has engaged in any conduct that would cause or permit the Sale to be avoidable under Section 363(n) of the Bankruptcy Code.

E. The Trustee conducted a robust and open marketing and sale process after the Cases were converted to chapter 7 cases. As demonstrated by the testimony and other evidence proffered or adduced at the Sale Hearing and the representations of counsel made on the record at the Sale Hearing, the Trustee and his advisors marketed the Company Interest and conducted the Sale process in accordance with the Bidding Procedures Order. The auction process set forth in the Bidding Procedures Order afforded a full, fair and reasonable opportunity for any Person to make a higher or otherwise better offer to purchase the Company Interest.

F. The Trustee received no Qualified Bids for the Company Interest and no written objections to the Sale Motion were filed or received by the Trustee.

G. The Purchase Agreement constitutes the highest and best offer for the Company Interest and will provide a greater recovery for the Debtors' stakeholders than would

-4-

PH1 2771445v3 04/19/11

be provided by any other available alternative. Thus, prompt consummation of the Purchase Agreement will serve the best interests of the Debtors and their estates by maximizing the value to be obtained from the Company Interest. The Trustee has demonstrated both (a) good, sufficient and sound business purpose and justification for the Sale because, among other things, the Trustee and his advisors diligently and in good faith analyzed all other available options in connection with the disposition of the Company Interest and determined that (i) the terms and conditions set forth in the Purchase Agreement, (ii) the transfer to the Purchaser of the Company Interest under the Purchase Agreement and (iii) the consideration to be paid as reflected in the Purchase Agreement are all fair and reasonable and together constitute the highest or otherwise best value obtainable for the Company Interest and (b) compelling circumstances exist for the Sale under section 363 of the Bankruptcy Code.

H. The consideration being paid by the Purchaser to acquire the Company Interest constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, the laws of the State of Delaware and under the laws of the United States, any state, territory, or possession thereof, and the District of Columbia.

I. Neither the Purchaser nor any of its affiliates (i) are a mere continuation of the Debtors or their estates and there is no continuity between the Purchaser and its affiliates and the Debtors' estates, (ii) are holding themselves out to the public as a continuation of the Debtors and (iii) are successors to the Debtors or their estates and the Sale does not constitute a consolidation, merger or de facto merger of the Purchaser and its affiliates and the Debtors. The Purchaser has given substantial consideration under the Purchase Agreement for the benefit of the holders of Encumbrances against the Debtors' estates. The consideration given by the

Purchaser constitutes valid and valuable consideration for the releases of any potential claims of successor liability of the Purchaser and its affiliates, which releases shall be deemed to have been given in favor of the Purchaser and its affiliates by all holders of Encumbrances against or interests in the Debtors, the estates, or any of the Company Interest.

J. Other than as set forth in the Purchase Agreement and the approval of this Court, no consents or approvals are required for the Trustee to consummate the sale of the Company Interest. Neither the execution of the Purchase Agreement nor the consummation of the Sale of the Company Interest in accordance with its terms will constitute a violation of any provision of the organizational documents of the Debtors or any other instrument, law, regulation or ordinance under which the Trustee, the Debtors' estates or their assets are bound. Upon entry of this Order, the Trustee has full power and authority to execute the Purchase Agreement and all other applicable documents contemplated thereby and to consummate the Sale and other transactions contemplated by the Purchase Agreement, and the transfer and conveyance of the Company Interest by the Trustee have been duly and validly authorized by all necessary action of the Trustee.

K. As of Closing, the consummation of the Sale pursuant to the Purchase Agreement will be a legal, valid, and effective sale of the Company Interest to the Purchaser, and shall vest the Purchaser with all right, title, privilege and interest in and to the Company Interest free and clear of all Encumbrances accruing, arising or relating thereto any time prior to the Closing Date (except Permitted Encumbrances).

L. The Trustee may sell his and the estates' interests in the Company Interest free and clear of Encumbrances (other than Permitted Encumbrances) because the standards set forth in Section 363(f) have been satisfied. All holders of Encumbrances who did not object to

-6-

PH1 2771445v3 04/19/11

the Sale Motion and the relief requested therein, or who withdrew any objections to the Sale Motion and the relief requested therein, are deemed to have consented to the Sale pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of Encumbrances who did object fall within one or more of the other subsections of section 363(f), and all holders of Encumbrances are adequately protected by having their Encumbrances, if any, attach to the cash proceeds of the Sale attributable to the Company Interest against or in which they claim an interest, with the same priority, validity, force and effect as they attached to such property immediately before the closing of the Sale. If the Sale of the Company Interest to the Purchaser by the Trustee were not free and clear of Encumbrances (other than Permitted Encumbrances) as set forth in the Purchase Agreement and this Order, or if the Purchaser would, or in the future could, be liable for any Encumbrances (other than Permitted Encumbrances), the Purchaser would not have entered into the Purchase Agreement and would not consummate the Sale or the transactions contemplated by the Purchase Agreement, thus adversely affecting the Debtors' estates.

M. Upon entry of this Order, the Purchase Agreement is a legal, valid and binding contract between the Trustee and the Purchaser and is enforceable according to its terms.

N. As of Closing, the consummation of the transactions contemplated by the Closing Documents will be legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including sections 105(a), 363(b), 363(f) and 363(m), and all of the applicable requirements of such sections have been complied with in respect of the transaction.

O. The Purchaser has provided the Trustee with a cash deposit of $7,000,000.00 in accordance with the terms of the Purchase Agreement, with such deposit currently being held in an escrow account with TD Bank.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The Sale Motion is granted and approved in all respects (other than with respect to matters already addressed by the Bidding Procedures Order), and the Sale and other transactions contemplated thereby are hereby approved in all respects.

2. All objections, if any, to the entry of this Order are overruled to the extent not otherwise withdrawn or resolved as set forth on the record of the Sale Hearing.

3. This Order, the Purchase Agreement and other Closing Documents shall be binding in all respects upon all stakeholders (whether known or unknown) of the Debtors' estates, the Trustee, the Purchaser, all affiliates, successors and assigns of the Purchaser, and any subsequent trustee appointed or elected in the Debtors' Cases, and shall not be subject to rejection.

### SALE OF THE COMPANY INTEREST

4. The Purchase Agreement, the other Closing Documents to be entered in connection therewith and all other ancillary documents and all of the terms and conditions thereof are hereby approved in their entirety. Pursuant to sections 105 and 363 of the Bankruptcy Code, the sale, transfer and conveyance of the Company Interest to the Purchaser pursuant to the Purchase Agreement are approved. The Trustee is authorized and directed to execute and deliver any and all documents, instruments and agreements and consummate the transactions contemplated by this Order, the Purchase Agreement, the Closing Documents and all other agreements and documents related thereto and contemplated thereby in consideration of the purchase price specified therein, including transferring to the Purchaser or its designees all of the rights, title, privileges and interests (including common law rights) of the Trustee and the Debtors' estates in and to all of the Company Interest, except as otherwise explicitly provided by the Purchase Agreement. Without limiting the foregoing, the Trustee is authorized and directed

-8-

to take all actions as may be reasonably requested by the Purchaser for the purpose of transferring, granting, conveying and conferring to the Purchaser the Company Interest, or as may be reasonably necessary or appropriate to the performance of the obligations as contemplated by the Purchase Agreement, the Closing Documents or other ancillary documents.

5. The transfer at Closing of the Company Interest by the Trustee to the Purchaser or one or more of its designees is legal, valid and effective notwithstanding any requirement for approval or consent, and, pursuant to section 363(f) of the Bankruptcy Code, shall vest the Purchaser and its designees as of Closing with all rights, title, privileges and interests of the Trustee and the Debtors' estates in and to the Company Interest, free and clear of any and all Encumbrances (other than Permitted Encumbrances), whether known or unknown, including Encumbrances (i) relating to any tax arising under, out of or in connection with or in any way relating to the operation of the Company Interest prior to the Closing, (ii) arising under any mortgage, deed of trust, security interest, conditional sale or other title retention agreement, pledge, lien, judgment, demand, encumbrance, right of first refusal or charge of any kind or nature, if any, including any restriction on the receipt of income or on the use, voting, the transfer or other exercise of any attributes of ownership and (iii) relating to any debt, claim, obligation, liability, demand, guaranty, option, right, contractual or other commitment, indemnity, indemnity obligation and warranty relating to any act, omission or circumstance arising prior to the Closing Date, whether known or unknown, contingent or otherwise, whether arising prior to or subsequent to the commencement of the Cases, and whether imposed by agreement, understanding, law, equity or otherwise, including any claim otherwise arising under doctrines of successor liability or any claim or Encumbrance related to the Company Interest, except for Permitted Encumbrances, and shall be free and clear of any and all Encumbrances,

including any and all claims pursuant to any successor or successor-in-interest liability theory or similar theory; *provided, however,* that the Purchaser shall not be relieved of liability with respect to the Permitted Encumbrances. Any and all Encumbrances shall attach to the net proceeds of the Sale, with the same priority, validity, force and effect as they now have against the Company Interest and subject to any rights, claims or defenses of the Trustee and the Debtors' estates with respect thereto.

6. If any person or entity that has filed a financing statement, mortgage, mechanic's lien, lis pendens, or other document or agreement evidencing a lien against or in the Company Interest has not delivered to the Trustee prior to the Closing of the Sale, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all liens that the person or entity has or asserts with respect to the Company Interest, or otherwise, then (a) the Trustee is hereby authorized to execute and file such statements, instruments, releases, and other documents on behalf of the person or entity with respect to the Company Interest, and (b) the Purchaser is herby authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all liens in and against the Company Interest of any kind or nature whatsoever, except Permitted Encumbrances.

7. This Order (a) shall be effective as a determination that, upon the Closing of the Sale, all Encumbrances of any kind or nature whatsoever existing as to the Company Interest at or prior to the Closing of the Sale have been unconditionally released, discharged, and terminated (other than any Permitted Encumbrances), and that the conveyances described herein have been effected, and (b) shall be binding upon and shall govern the acts of all entities including all filing agents, filing officers, title agents, title companies, recorders of mortgages,

recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Company Interest. Upon consummation of the transactions set forth in the Purchase Agreement, the Purchaser or its designee shall be authorized to file termination statements or lien terminations in any jurisdiction to remove any record, notice filing or financing statement recorded to attach, perfect or otherwise notice any lien or encumbrance that is extinguished or otherwise released pursuant to this Order under section 363 and the related provisions of the Bankruptcy Code.

8. All entities, including all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade stakeholders, and other stakeholders, holding Encumbrances of any kind or nature whatsoever against or in the Debtors or the Company Interest (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Company Interest, or the transfer of the Company Interest to the Purchaser, hereby are forever barred, estopped, and permanently enjoined from asserting against the Purchaser, any of its affiliates, or their respective successors or assigns, its property, or the Company Interest, such persons' or entities' Encumbrances. Following the Closing, no holder of any claims or Encumbrances in or against the Company Interest shall interfere with the Purchaser's ownership, use and enjoyment of the Company Interest.

9. The Sale, pursuant to this Order and the Purchase Agreement, shall be binding upon the Purchaser, the Trustee, the Debtors, all current and former creditors,

employees, equity holders and parties in interest in these cases, all persons having or asserting a claim against, or an interest in, the Debtors or the Company Interest, and all parties to any actions, including any contested matters, interposing objections to the Sale Motion or the relief granted hereby, that directly or indirectly contest the power or authority of the Trustee to sell, transfer and convey the Company Interest, or Purchaser's right, authority or ability to receive, purchase, or accept the Company Interest, or that seek to enjoin any such sale, transfer or conveyance and each of their respective successors and assigns.

10. Except as expressly permitted by the Purchase Agreement with respect to Permitted Encumbrances, the Purchaser shall have no liability or responsibility for any Encumbrances arising, accruing or relating to a period prior to the Closing Date.

11. At the Closing, provided the conditions precedent to Closing under the Purchase Agreement occur, Purchaser shall (a) pay to the Trustee an amount equal to the Purchase Price less the Deposit, and (b) direct the Deposit Escrow Agent to release the Deposit to the Trustee in accordance with the terms of the Escrow Agreement, in each case in accordance with Section 8.4 of the Purchase Agreement. Without further order of this Court, the Trustee and Purchaser are authorized and directed to implement any post-Closing terms. Also without further order of this Court, the claim(s) of General Electric Business Financial Services, Inc. ("GEBFS") and the claim(s) of Silver Point Finance, LLC ("Silver Point") in the SJMCM case on account of SJMCM's guarantee of the obligations of the Company to these parties shall be paid at Closing by the Trustee, and the Trustee is hereby authorized to make such payment. GEBFS and Silver Point shall provide the Trustee with an updated accounting for all claims which they assert in these Cases and deliver updated payoffs to the Trustee prior to Closing. The Trustee is hereby authorized to wire the agreed upon payoffs to GEBFS and Silver Point at

Closing. Upon payment under this Paragraph 11 to GEBFS and Silver Point, GEBFS and Silver Point shall promptly release their respective security interests and/or pledges regarding the assets of the Company.

## PERMITTED ENCUMBRANCES

12. Neither the Purchaser nor any designee (as a successor entity, successor employer or otherwise) has acquired and will not acquire or assume or be deemed to have acquired or assumed any obligations or Encumbrances (other than Permitted Encumbrances) of the Debtors' estates other than the specifically identified Permitted Encumbrances, and all persons and entities are hereby permanently enjoined and restrained from asserting or prosecuting any claim against the Purchaser or its affiliates or designees or agents, other than claims on account of specifically identified Permitted Encumbrances (both in terms of scope and timing).

13. Except for the Permitted Encumbrances, neither the Purchaser, its affiliates or designees, nor their respective successors or assigns, shall be obligated or liable, either directly or indirectly, as successor, transferee or otherwise, for any Encumbrances of the Debtors' estates or any of their affiliates (whether under federal or state law or otherwise) as a result of the sale or purchase of the Company Interest. With respect to Encumbrances, neither the Purchaser, its affiliates or designees, or their respective successors and assigns nor the Company Interest shall be or be deemed to be a successor or successor in interest or responsible person or potentially responsible person to the Debtors' estates or any current or former creditor, employee, equity holder or other party in interest with respect to any such Encumbrance, none shall have any liability (whether under federal or state law or otherwise) for successor liability, including with respect to any Encumbrance arising from or under tax, employment or other legal provisions.

-13-

14. From and after the Closing of the Purchase Agreement, pursuant to section 365(k) of the Bankruptcy Code, the Debtors' estates shall have no other or further liability with respect to Permitted Encumbrances.

**OTHER PROVISIONS**

15. The Sale has been undertaken by the Purchaser and the Trustee at arm's length and without collusion, and the Purchaser and any designee will acquire the Company Interest pursuant to the Purchase Agreement, in good faith, within the meaning of section 363(m) of the Bankruptcy Code and is/are entitled to all of the protections in accordance therewith. The sale of the Company Interest and the Trustee's entry into the Purchase Agreement may not be avoided pursuant to § 363(n) of the Bankruptcy Code.

16. The provisions of this Order are nonseverable and mutually dependent.

17. This Order and all provisions of the Purchase Agreement and the Closing Documents shall be binding upon any successors and assigns of the Trustee, including any subsequent trustee appointed for the Debtors' estates in these Cases or otherwise and any entity asserting a liability against the Company Interest to be sold to the Purchaser pursuant to the Purchase Agreement.

18. The Purchase Agreement and the Closing Documents may be amended, modified or supplemented, or the provisions thereof waived, in accordance with the terms of the Purchase Agreement without further order of this Court or notice thereof to any party; provided, however, that the Trustee shall provide notice to the U.S. Trustee of any amendment, modification, supplement or waiver to the Purchase Agreement or any Closing Documents that has the effect of making the terms and conditions of the Purchase Agreement or such Closing Documents materially more burdensome or materially less favorable to the Debtors' estates. The U.S. Trustee shall have three business days from the date of such notice to object in writing to

-14-

PH1 2771445v3 04/19/11

such amendment, modification, supplement or waiver, and upon any such timely written objection, such amendment, modification, supplement or waiver shall be permitted only pursuant to an order of this Court.

19. The failure specifically to include any particular provisions of the Purchase Agreement or any Closing Documents in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Purchase Agreement and the Closing Documents be authorized and approved in their entirety.

20. Each and every governmental agency or department of the State of Texas as well as each and every federal, state and local governmental agency, unit, or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement and the Closing Documents.

21. To the extent of any inconsistency between the provisions of the Purchase Agreement (or any documents executed in connection therewith) and this Order, the provisions contained herein shall govern.

22. The Court shall retain exclusive jurisdiction to (i) interpret, construe and enforce the provisions of the Purchase Agreement, the Closing Documents, all amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith and this Order in all respects, (ii) hear and determine any and all disputes arising under or related to the Purchase Agreement and the Closing Documents, except as otherwise provided therein, (iii) enforce the injunctions set forth herein in favor of Purchaser, its affiliates and designees or any of their respective successors and assigns, each of which injunction shall act to

bar any claim enjoined and as a complete defense to any such claim or action and, (iv) compel transfer and delivery of the Company Interest to the Purchaser.

23. The sale of the Company Interest and the consideration provided by the Purchaser under the Purchase Agreement is fair and reasonable and shall be deemed for all purposes to constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law.

24. Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), this Order shall not be stayed for fourteen (14) days after the entry hereof and shall be effective and enforceable immediately upon signature hereof.

Dated: Apr 20, 2011
Wilmington, Delaware

The Honorable Brendan L. Shannon
United States Bankruptcy Judge

PH1 2771445v3 04/19/11